Good morning, Your Honor. Excuse me, I have an allergy. I'd like to make a couple of points, if I can, at the beginning. And that is, this appeal presents a very serious issue, and that is the abuse of the government serving these summonses across compelling compliance across state lines. And if these are going to get enforced and written and enforced… Well, in this case, it ended up with this woman being required to mail these documents to an office. Now, how can that be so abusive, as you suggest? Because, Your Honor, that was refused here. We offered that. We refused it. That only happened when the district judge rewrote the summons. But what about all the other citizens and taxpayers that are having to go across state lines? What about all the other people that don't go to court and are forced to go across state lines? And, Your Honor, I get these all the time. I just got one in the mail requiring… Well, we got this case. We haven't got the other cases. Well, this one was authored by Judge Kalinsky's former law clerk. And the point I'm trying to make is the court ought to write a decision like they did in Orr v. Bank of America, 285 F. 3rd, 764, where you laid out the proper way to prepare, file, and authenticate a motion for summary judgment. And if you did that in this case, then the IRS counsels who write these summonses would write them properly, and they wouldn't get to court. If they were objected to, they would be rewritten and reissued. But what you have now is the district judge saying, I have discretion to rewrite every summons of country for me and reissues it. If you do that, then the statutes of protections mean nothing. I submit the courts do not have any jurisdiction to do more than enforce the commands. And if they put the accountability on the IRS counsels, then they will write the summonses properly, and they'll never get to court because… So you're making a Jose argument? Is this what's happening here? Yes. I'm saying what's the difference between adding conditions and, in this case, the court reissued the summons. They changed the text to appear and said send it in. And what about a summons like this where you have a van load of records?  Well, it does, Your Honor, because the only reason why that happened is she refused to fly out 4,000 miles. They made her husband fly out 4,000 miles, and no one was there to receive him. So the point I'm trying to make, there's an abuse out there, and the court ought to draw a line and say, well,    We're going to let you fly out 4,000 miles. We're not going to enforce summonses that compel people to comply across state lines. And if you are going to allow this, what about all the other people out there that are being victimized? This is an important issue. As I read Jose, the sort of modification that was disallowed by the court, it's very clear the court says we're not going to allow the court to modify the summons in the fashion that was at issue in Jose, was not who was supposed to come or who was supposed to come with what. Rather, the modification that was forbidden was what can the IRS do with the information that has been obtained via the summons? I'm now reading from Judge Hawkins' dissent, but I think he accurately summarizes what's at issue. The court, and he's objecting to what the majority opinion says, he would give to discretionary authority of the district court to play reasonable limits on what the government may do with the information it gathers. That's what's at issue in Jose, rather than manner of compliance. So what the district judge here said was, you know, it is a long way, I agree with you, so just send it in. And she doesn't want to send it in. Why doesn't she want to send it in? No, we did send it in, Your Honor. Well, why are you objecting? Because on a ministry level, we tried to do that. The IRS refused to even reply, and we had to go to court. But no, right now, I mean, the purpose of why you're here in front of us is that you're saying we don't have to send it in. Correct? I'm saying the court should not have enforced the summons. They should have said to the IRS, no, you can't issue summonses like this. The summons was illegally issued. The statute says that if you don't issue it under reasonable circumstances, there is no issuance. That's all being ignored here. And we're not limiting ourselves to San Jose. That's just illustrative. But when you issue summons and tell a person to bring the records 4,000 miles, that issuance is void because the statute says the issuance has to be under reasonable circumstances. And it wasn't 4,000 miles. Well, yeah, but there's something in the statute that is designed to take care of that. And that is to say either where the person summoned resides or where that person is found. And she's served with the compliance when she is physically present in Southern California in the central district at a house that she has, in fact, leased. So, yes, she's coming 4,000 miles in one sense, but in another sense she's not. Well, Your Honor, she went back to New York on the compliance date. She was back in New York. Well, yeah, I understand that. But at the time she was served, she was out here in a house that she had leased in her own name. Your Honor, the Supreme Court said all rights vest when the summons is issued. And it was served on her at her address in New York at her domicile. And if you're not going to follow a domicile here, you're going to create chaos. But the statute reads or is found. Yes, Your Honor, but when you have a domicile, you're found at your domicile. You may be found at places other than your domicile as well. Pardon, Your Honor? You may be found at places other than your domicile as well. Domicile is a very interesting and precise concept. It is where you live with an intent to stay. And you may have a domicile 3,000 miles away that you haven't been for two or three years because where you now are you don't yet have an intent to stay permanently. So the rule you're arguing for just can't be. Well, Your Honor, they were served at their home in New York. The summons was served. I understand that. According to the statute. I understand that. So that's where they're found. And the Supreme Court said that rights cannot be enlarged after that date. And if you're now going to invoke, pull in the Federal Rules of Civil Procedure into this narrow statutory construction and ignore the dictates of the Supreme Court, that means that people can enlarge their rights by their activities afterwards. The Supreme Court said in counsel, no way. You can't do that. Wasn't your client personally served in Santa Barbara? Pardon me, Your Honor? Wasn't your client personally served with the subpoenas in Santa Barbara? No. The IRS administrative summons were served on her address in New York, which is the last known address, which is what the statute requires. They were out visiting their grandchildren. They stayed there for a year, though, didn't they? I don't think it was quite a year. Well, first of all, Your Honor, there's no evidence they were out there that long. But you testified they were out there visiting their grandchildren, and they rented a place out there. But that doesn't mean that they can – what they were served was with the petition to enforce, they were served in California. But I think the statutory construction scheme is very clear, that you have to bring the enforcement action in the district where they reside and where the summons were served. Wait a second, counsel. I'm still concerned about my last question because we have a declaration of service on Respondent Evelyn Cathcart, and the revenue agent declares that he served the subpoenas by personal service on Evelyn Cathcart at 690 Orchard Avenue, Santa Barbara, California, at 9.15 a.m. Your Honor, I believe that was a petition to enforce. The administrative summons was served back in New York, I believe, and that's the address on the summons. And the point I'm trying to make is that we're not dealing with the federal rules of civil procedure. We're dealing with acts of Congress that want you, the compliance, to be in the district where the person resides. So she was – you're saying the petition to – she was actually in Santa Barbara when the petition to enforce was served. Yes, that she was served in Santa Barbara, and the government's arguing that that enabled them to bring it in California. But we're saying when they served on a husband, Your Honor, on summons on him, they brought it in the Southern District of New York. Let me just read the statute to you. I'm now reading 26 U.S.C. 7402, Parent B, to enforce summons. So we're talking about an enforcement procedure, which is what this is. And I'm just reading the statute. If any person is summoned under the internal revenue laws to appear, testify, or produce books or papers or other data, the District Court of the United States, for the district in which such person resides or may be found, shall have jurisdiction to compel such attendance. Well, the district she's found, she served here in this district, I don't see the problem under the statute. I understand you might wish the statute to say something different, but this is the statutory provision that talks about enforcing summons. Your Honor, but the case law we indicated shows that found means domicile. The cases where they have tried to bring the enforcement. I confess I read the statute differently. Found does not mean domicile. Well, Your Honor, of course, we lose if you say that. But I'm urging you not to do that. I'm urging you to follow the basic process that you're supposed to have all these compliance and everything in the district where they are. Because I gave an example of where they could serve the petition to enforce on you while you're fishing in a salmon stream in Alaska, and the records and the person are back in Miami. I think the case law is pretty clear. Enforcement is to be brought where the records are located. The records were located back in New York, and on the compliance date, she was back in New York. Let me ask you, you said that she's already complied with the summons? Yes, Your Honor. I think, yes, we did. The court ordered us to do it. That doesn't moot the controversy. There's a Supreme Court decision on the Church of Scientology. But, yes, if you don't comply with the summons after the judge orders, you'd be held in contempt. So she did comply. And so what's the remedy if we agree with you? What is the remedy if we agree with you? Well, Your Honor, the remedy is that you would write a very clear definitive decision deciding all these issues and reverse the decision to enforce the summons and send them back and they'd be dismissed. And the remedy is that having gotten those records without proper authority, objection can be made later to their use. Okay. I got it. Okay. And, by the way, the government, in their brief, they acknowledged that the summons should never have been issued, asking her to bring all the records across the country. And all I'm saying, you have to think beyond our case to a situation where all these other people are being forced to turn over records across state lines. The case law is very clear on that. So I think you can't just focus on this and say, well, we're going to affirm this and allow all these other abuses to go along, because they're not making the people mail them in. They're making the people come. Just like in our case, we tried to get them to agree to a mail-in. They wouldn't even respond. All right. The record? Pardon me, Your Honor? Is that in the record? Yes, sir. It's in the record. Where? In the excerpts of the record, Your Honor. There's a declaration from Mr. Bailin, CPA, in the excerpts of the record where he describes the efforts made to try to get Agent Marie Allen to respond to all these offers. She never responded to anything. And that's why we have a declaration saying on the advice of counsel she refused to fly out to California 4,000 miles to appear and turn the records over. You know, it's only 3,000 miles. All right, 3,000, whatever that is. Okay. I'm sorry. All right. Thank you, counsel. Yes, sir. Thank you very much. Good morning, Your Honors. My name is Melissa Briggs. I represent the United States on this appeal. And with me at counsel table is Richard Stack from the U.S. Attorney's Office, and he handled the case today. Okay. And 3,000 miles is a long distance. It's a long distance. I traveled from Washington yesterday across the country. I concede it's a long distance. However, the government's position in this litigation has always been that mailing the documents would be enough. And that goes to reasonableness, not jurisdiction. So I think I just heard the contrary from Mr. Ord, that they tried to get you to accept just mailing the documents, and you said no. Or maybe you never responded. I mean, what's your response to him? So the declaration that was presented by Mr. Balin says he contacted an IRS agent, and he did not receive a response. However, they could have mailed them in in response to the summons being, the subpoena being, sorry, service in this case, the subpoena being served in the show calls order. It says, if you would like to comply, comply. They could have talked to Mr. Stack. In his brief, he says, which is in the excerpts of record at 21, that Mr. Ord's client could comply by mailing the documents. And also, if you look at the summonses, which an unredacted copy was provided, which is in the supplemental excerpts of records at 24, because they objected to the fact that we had blacked out her address as we were required to do under the local rules. If you see, it doesn't require personal appearance. It just requires records to be produced. But the problem, I mean, how is it adequate? I mean, how does this reasonableness of mailing come in if the IRS doesn't even respond to two letters and an e-mail by the attorney saying, can we just mail them in, and there's not even a response? How is that acting reasonably? Okay. Well, Your Honor, that goes to reasonableness. It does not go to jurisdiction, which is what he's arguing, that she, that the court did not have jurisdiction over her. It goes to the modification issue and, you know, perhaps the, you know, why should it take an enforcement action to get the IRS to finally state on the record, okay, you can just mail them in instead of flying 3,000 miles? Well, we don't know what actually happened. We only have the statement of Mr. Balin in the record. So you didn't find out? You didn't ask your own agency what happened here? It's not in the record, but I can tell you that Mr. Seck did investigate that, and there was not an indication in the record that they had received the power of attorney, but that's not in the record, the power of attorney for Mr. Balin in order to communicate with the IRS agent on behalf of Mrs. Cathcart. But that goes to reasonableness, again, Your Honor. And the district court's decision on enforcement is reviewed for clear error, and the district court had considered all these arguments. And under the summons power, it's very broad. He considered the power factors. He considered whether or not this was an abusive process, whether or not it was taken to harass Mrs. Cathcart, and the district court judge found that was not the case here. He's pointed to nothing to show that it's clearly erroneous. I'm now just looking at and reading from the declaration of Mr. Balin, and he says, I wrote a letter, I called him at voicemail messages, I read another letter, I get no response. Is that true? There's nothing in the record about that, Your Honor. Well, there's this that I just referred to. Is there anything else? As far as the IRS is proffering on that side, we don't have a declaration from the agent in the record on that point. And there was nothing that was going to prevent you from putting something into the record contradicting it, correct? That's correct, Your Honor. So I guess they take it as true. Well, we made our showing under Powell, however, and the district court didn't err in enforcing the summons. All we have to show under Powell in order for a summons to be enforced is that it's for a legitimate purpose, it's relevant to our investigation, the administrative steps have been followed, and there's no Justice Department referral. Then she can come in, any taxpayer, and make a showing of abusive process, bad faith, harassment, improper purpose, unreasonable. And the district court here, based on the very evidence you're bringing to me, found that it was not unreasonable and chose to enforce the summons. Well, but only to mailing in, as apparently Mr. Malin suggested he wanted to do. So this doesn't strike me as a very good process for the federal government to just ignore all these things. And finally, when we're actually in litigation, oh, I guess you can mail it in. What's going on here? This is nuts. It really is. The form is you're required to appear. And so counsel for Mrs. Cathcart, all he wants to say is, okay, they're required to appear. Can we just send them to Marie Allen? But your form is required to appear. And if you don't respond, you're not giving any alternative, any reasonable alternative. Is there some reason why the IRS would need the person to appear in person? No, Your Honor, not in this case. That's why the district court judge modified it, and Mr. Stack made the concessions throughout that mailing the documents would be sufficient. But throughout after we made a federal case out of this?  And then at that point, as it says on the face of the petition to enforce, she could have complied. Then, you know, I don't know what happened. She could have complied how? She could have complied. She could have contacted the U.S. Attorney's Office, who says in his brief that she could mail it, and that was always his position. I can't speak to what happened with the IRS agents. Obviously, that's not in the record, because that declaration was not put in on that point. So in your view, we have something in the record that tells us that as soon as the enforcement action is filed, that she had the option clearly communicated to her that the enforcement action would be dropped if she simply mailed it in? That's not in the record, Your Honor. No, and certainly the petition to enforce the IRS summons doesn't say that at all. The relief it asks for is that she be ordered to appear and show cause why she should not be compelled to produce the books and records, and that respondent be ordered to produce the books and records another day as specified in the summons, which requires her appearance. So you still didn't say, if you just mail them in, this whole thing goes away? Let me ask you a different question. Why in San Francisco? What's going on in San Francisco that makes this the place where you want the documents? That's where that agent was located, and if they were being produced by mail, it doesn't matter if they're mailing them to San Francisco, Washington, D.C., New York. Yeah, but that's not very responsive. I mean, why is the agent in San Francisco conducting this tax investigation? She was the agent assigned to the investigation. You know, there's a better answer than that, which I know, which you probably apparently don't know. I mean, what we got is a procedure in which the allegedly abusive tax shelters, a lot of stuff's going on in Silicon Valley. Do you know this or not? Yes or no. About the tax shelters she was investigating. I mean, there is a good reason why this is going on in San Francisco, which I'm trying to get out of you, but you're only saying, well, because that's where the agent is. It's not in the record, Your Honor. Okay. They were being investigated here because of tax activities in California. Okay. So it's not just harassment that all, you know, we try to make it difficult, and if we want to really make it difficult, we'll make them show up in Anchorage. Well, if she wasn't in Anchorage for us to serve her personally, so that really didn't come up here. The issue on appeal is jurisdiction, and there's no question she was in California, was personally served. This is an action brought by the United States. There's jurisdiction under 28 U.S.C. 1345. There's jurisdiction under the specialty statutes for summons enforcement. You know, if you win this case on appeal, and I'm not saying whether you will or not, because I don't know whether you will or not, I would strongly suggest that the IRS change its practices so that if, in fact, they're willing to settle for her mailing it in, they say so from the beginning, that they answer their phone calls, that they answer the letters. I mean, there's just something wrong here if Mr. Balin is right, and you've got nothing in the record to say he's telling a lie. Yes, Your Honor, I would appreciate if the IRS would keep great files on all of their great files, and then I wouldn't have to stand up here and, you know, make excuses or try to explain what was going on. We can do a better job. Do you have any further questions? I don't. Thank you. Okay, thank you, counsel. Thank you. We ask that the district court be affirmed. Thank you. Do I have time to make two simple points? Well, you went over, but I'll give you a minute. On the Pell requirement, it did not meet the Pell requirement. One of the requirements is that all the administrative provisions of the U.S. could have been provided with. By issuing a summons asking her to come 3,000 miles, that violates the reasonableness test of the issuance, so they hadn't complied with this. It did not meet Pell. The other point I want to make, which I think is very important here, is that, again, that the summons was served on her at her domicile, her last known address, which is what the statute requires. You know, the statute doesn't even say domicile. If we're talking jurisdictional terms, domicile and residence are different terms. The statute says reside. There's nothing in the statute that says domicile. That's correct. We rely on the case law for that. The other point I want to make is there's more than a jurisdictional issue here. There's a question of, as I said, not meeting the Pell position. And the court really need to decide, if the judge is right, that you have discretion to rewrite these summonses and reissue them. We submit you don't. The court district court does not have that. And if you have a strict rule to make IRS counsels write these properly, I can guarantee you if you write a clear decision, it will eliminate your summons enforcement. We don't like to go to court over these. But the IRS counsels have got to write these properly. When you protest on the administrative level as we did, the IRS counsel who writes these, the agents don't. If they know they're going to be held accountable, it's not going to be enforced. This is all going to get resolved before it gets to Mr. Stack's office, which is overburdened. And the courts are being overburdened really with summonses that are improperly being issued. And the court ought to say, we're not enforcing those. Which Pell requirement are you arguing was not met here? One of them is they have to show that the requirements of the code, the U.S. code, have been met in the issuance of the summons. And come back and tell me again what part of the code has not been met. Are we back to found? Well, the reason to her question, well, when you issue summons, making somebody come 4,000 miles and the case law says that's unreasonable, it's unenforceable, when she swore they met that requirement, they had not met that requirement. So they did not meet the prima facie requirements. And that should have been covered in her declaration. So they did not meet Pell. It's very important the court understand that. There's more than jurisdiction here. In other words, the court said you have to show in your initial burden that you properly issued the summons and followed 7602 through 7608. If you haven't, you haven't met that burden, the case is denied, and the judge should never have rewritten something like that. And finally, Your Honor, we were never given a hearing on this. There are all these questions about what went on behind the scenes. The case law, including the central district, is we were entitled to a hearing, and we weren't given one. And we cite the Supreme Court and central district case law. Thank you for the extra time. Thank you, counsel. United States v. Cathcart is submitted.
judges: Cudahy, Wardlaw, Fletcher W.